RAMIREZ, J.
Jonathan Williams appeals from the summary denial of his motion for postcon-viction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing on the merits of Williams’ motion.
Williams was tried and convicted for two counts of armed robbery. Williams did not appeal from the judgment of conviction, but timely filed a motion for postcon-viction relief that alleged ineffective assistance of trial counsel. The trial court summarily denied the motion, resulting in this appeal.
It is well settled that “a defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000). On appeal, we must reverse a summary denial of a legally sufficient motion unless the postconviction record conclusively shows that the defendant is not entitled to relief. Fla. R.App. P. 9.141(b)(2)(A), (D).
Here, Williams’ motion states legally sufficient claims of ineffective assistance of counsel. He alleges that his trial counsel: (a) failed to subpoena and call two of the officers who responded to the alleged robbery; (b) failed to depose the eyewitnesses; (c) introduced hearsay statements of one of the alleged assailants; (d) caused the introduction of a photo line-up; and (e) introduced evidence placing Williams at the scene. The postconviction record does not conclusively refute these claims. Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing on the merits of Williams’ motion.
Reversed and remanded for further proceedings.